UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA L. CALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:06CV1293 TIA |
| | ) | |
| LINDA S. MCMAHON[1], | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

BRIEF IN SUPPORT OF THE ANSWER

Nature of Action and Prior Proceedings

This suit involves an application made under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title XVI. Plaintiff's application was denied after administrative review. On December 30, 2005, following a hearing, an administrative law judge (ALJ) rendered a decision, in which he found that Plaintiff was not under a "disability" as defined in the Social Security Act (Tr. 11-20). On June 29, 2006, the Appeals Council of the Social Security Administration denied Plaintiff's request for review (Tr. 3-5). Thus, the decision of the ALJ stands as the final decision of the Commissioner.

---

[1]On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Statement of Facts

Plaintiff protectively filed her application for childhood SSI disability benefits under Title XVI on April 8, 2004 (Tr. 11). She stated that she was born in 1988, and alleged that she became disabled beginning April 1, 2004 (Tr. 350). In her Disability Report, she alleged disability due to bipolar disorder, post traumatic stress disorder, and oppositional defiance disorder (Tr. 346). The facts as set forth in the ALJ's decision are hereby adopted (Tr. 11-20).

Statement of the Issue

The issue is whether the final decision of the Commissioner is supported by substantial evidence on the record as a whole.

Argument

A.  Standard of Review

Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there is substantial evidence in the record as a whole to support the decision of the Commissioner. See 42 U.S.C. § 405(g); Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997); Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. See Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as a reasonable person might accept as adequate to support a decision. Id.; Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992). The court's role is "not to reweigh the evidence or try the issues de novo." See Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir. 1995). Questions of fact, including the credibility of a claimant's subjective testimony, are primarily for the

Commissioner to decide, not the courts. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987).

B.  Burden of Proof

The definition of childhood SSI disability provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which have lasted, or can be expected to last for a continuous period of not less than 12 months.

Welfare Reform Act at § 211(a)(4) (codified at 42 U.S.C. § 1382c (a)(3)(C)(I)).

The Commissioner's regulations governing determinations of childhood disability set forth a three-step sequential evaluation process which the Commissioner must use in determining whether a child is eligible for SSI benefits on the basis of disability. First, the ALJ must determine whether the child is engaged in substantial gainful activity. See 20 C.F.R. § 416.924(b)(2006). If not, step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe. If a child's impairment(s) is so "slight" that it causes no more than minimal functional limitations, it will be determined that the child does not have a "severe" impairment and is not disabled. See 20 C.F.R. § 416.924(c)(2006). If, however, it is determined that the child's impairment(s) is severe, the analysis moves to the third step of the evaluation process.

At step three of the evaluation process, the ALJ must determine whether a child's impairment(s) meets, medically equals, or functionally equals the severity of a listed impairment set forth in Appendix 1 of 20 C.F.R. Part 404, Subpart P. See 20 C.F.R. § 416.924(d)(2006). To establish functional equivalence, a child must have a medically determinable impairment or

3

combination of impairments that results in marked limitations in two domains or an extreme limitation in one domain. See 20 C.F.R. § 416.926a(a)(2006). If the child does not have an impairment(s) which medically meets or equals a listed impairment, or is functionally equal in severity to a listed impairment, he or she will be found to be not disabled.
20 C.F.R. § 416.924(d) (2006).

    C.    The Commissioner's Decision

The ALJ found that Plaintiff had the severe impairment of bipolar disorder (Tr. 12). The ALJ found that Plaintiff did not have marked or extreme limitations in any of the six domains (Tr. 16-19). He, therefore, found Plaintiff was not disabled as defined by the Social Security Act (Tr. 19).

    D.    The ALJ properly determined that Plaintiff had less than marked limitations in the domain of attending and completing tasks

The ALJ found that Plaintiff did have marked or extreme limitations in her ability to attend to or complete tasks (Tr. 17). The domain of attending and completing tasks requires the ALJ to consider how well the child is able to focus and maintain attention and finish activities. See 20 C.F.R. § 416.926a (h) (2006). According to the regulations, a child of Plaintiff's age should be able to maintain concentration while reading and listening to presentations, organize materials, and organize and plan time to complete assignments. See 20 C.F.R. § 416.926a(h)(2)(v) (2006). Examples of limitations in the domain of attending and completing tasks include being easily distracted, being slow to focus on or complete tasks of interest, repeatedly becoming side-tracked or frequently interrupting others, being easily frustrated, and requiring extra supervision to remain engaged in activities. See 20 C.F.R. § 416.926a (h)(3) (2006).

In support of her argument that she has marked or extreme limitations in the domain of attending and completing tasks, Plaintiff cites to an opinion provided by Dr. Jones (Ptf's br, pp. 11-12). However, the ALJ properly discounted Dr. Jones' opinion because it was inconsistent with her own treatment notes and with the record as a whole (Tr. 15-16). For example, Dr. Jones opined that Plaintiff had marked limitations in her ability to maintain attention and concentration for extended periods (Tr. 296). On October 24, 2004, Plaintiff reported that her medication was helping her concentration (Tr. 300). Dr. Jones also repeatedly noted that Plaintiff was goal directed and had fair concentration/attention (Tr. 241, 243, 301, 303, 305). Plaintiff also reported that she was able to raise her grade-point average to 3.0 by taking summer school courses (Tr. 242). The evidence shows that the ALJ properly discounted Dr. Jones' opinion. See Weber v. Apfel, 164 F.3d 431 (8th Cir. 1999). Furthermore, the evidence supports the ALJ's finding that Plaintiff did not have marked or extreme limitations in the domain of attending and completing tasks.

Plaintiff also cites testimony from the administrative hearing to support her argument (Ptf's br, pp. 11-12). However, the fact that Plaintiff, like many teenagers, needs to be reminded to do her chores and take her medication does not rise to the level of a marked limitation in attending and completing tasks (Tr. 362, 364-65, 369). Plaintiff is clearly not unduly distracted by other students or other things at school. This is evident from her ability to maintain a 3.0 grade-point average (Tr. 242). See Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 723–24 (8th Cir. 2005) (claimant did not have marked limitations where she "had no other difficulties that were any different from those common among children her age."). The ALJ properly determined that Plaintiff had less than marked limitations in the domain of attending and completing tasks.

5

E.   The ALJ properly determined that Plaintiff had less than marked limitations in interacting and relating with others

The ALJ found that Plaintiff did not have marked or extreme limitations in her ability to interact and relate with others (Tr. 18). The domain of interacting and relating to others takes into account how well the child initiates and sustains emotional connections, uses language, cooperates with others, complies with rules, and responds to criticism. See 20 C.F.R. § 416.926a (I) (2006). Examples of limited functioning in this domain include having no close friends of the same age, being overly anxious of meeting new people, having difficulty playing games with rules, having difficulty communicating with others, and having difficulty speaking understandably. See 20 C.F.R. § 416.926a (i)(3) (2006).

Plaintiff did not exhibit deficits in the domain of interacting and relating with others. Plaintiff's mother reported that Plaintiff had normal sibling conflicts (Tr. 312). Dr. Mades noted that Plaintiff was spontaneous, coherent, relevant, and logical (Tr. 313). Dr. Mades also reported that Plaintiff was getting along adequately with peers and adults at the time of the evaluation (Tr. 314). At the hearing, Plaintiff testified that she had a friend at school (Tr. 364). She stated that she got along with her family "okay" (Tr. 360). Plaintiff testified that she had not been in trouble with other kids at school since her freshman year (Tr. 359). She stated that she had an argument with a classmate a few months prior to the hearing, but that it did not escalate to a physical fight (Tr. 359). This evidence is, at the least, substantial evidence to support the ALJ's finding that Plaintiff did not have marked or extreme limitations in the domain of interacting and relating with others.

Plaintiff makes no argument that the ALJ's findings in the remaining four domains were incorrect. Because Plaintiff did not have marked or extreme limitations in any of the six domains,

the ALJ properly found that she was not disabled under the Act. See 20 C.F.R. § 416.926a (a) (2006).

## CONCLUSION

Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence on the record as a whole supports the Commissioner's decision. Accordingly, the Commissioner's decision should be affirmed.

    Respectfully submitted,

    CATHERINE L. HANAWAY
    UNITED STATES ATTORNEY

      s/ Jane Rund
    JANE RUND, Bar #47298
    Assistant United States Attorney
    111 S. 10th Street, Suite 20.333
    St. Louis, Missouri 63102
    (314) 539-2200
    (314) 539-2777 FAX

    OF COUNSEL
    Frank V. Smith, III
    Chief Counsel, Region VII
    Social Security Administration

    By
     Angela G. Thornton-Millard, # 17922
     Assistant Regional Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Philip Senturia, Attorney for Plaintiff, Gateway Legal Services, Inc., 200 N. Broadway, Suite 950, St. Louis, Missouri 63102.

    s/ Jane Rund
    JANE RUND #47298
    Assistant United States Attorney